# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MIDN 3/C ALOSINA A.L. SEUMANU, *et al.*,

        Plaintiffs,

   v.

DEP'T OF THE NAVY,

        Defendant.

Civil Action No. 24-cv-2808-CJC

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION (1) TO SEVER, (2) TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE, AND (3) TO DISMISS THE AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR <u>SUMMARY JUDGMENT</u>

KELLY O. HAYES
United States Attorney

Michael J. Wilson (Bar No. 18970)
Assistant United States Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4941
Michael.Wilson4@usdoj.gov

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

III.  LEGAL STANDARDS ......................................................................................... 5

A.    Severance of the Plaintiff's Claims Under Rules 20(a) and 21. ......................................... 5

B.    Dismissal for Improper Venue Under Rule 12(b)(3), or in the Alternative, Transfer of Venue Under 28 U.S.C. § 1406........................................................................................ 6

C.    Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)................................................. 6

D.    Failure to State a Claim Upon Which Relief Can be Granted Under Rule 12(b)(6). ......... 8

E.    Summary Judgment Under Rule 56. ........................................................................ 9

IV.   ARGUMENT ...................................................................................................... 9

A.    Plaintiffs' Claims Should Be Severed........................................................................ 9

B.    Scoggin's and Jensen's Claims Should Be Dismissed or, Alternatively, Transferred to an Appropriate Venue. ....................................................................................................... 11

C.    Plaintiffs' FOIA and Privacy Act Claims for Untimely Response Are Moot Because Defendant Responded to All of Plaintiffs' Requests. ................................................ 14

D.    Plaintiffs Failed to Exhaust Administrative Remedies Under the Privacy Act. .............. 15

E.    Plaintiffs' APA Claim Must be Dismissed Because the FOIA and Privacy Act Provide an Adequate Alternate Remedy. ...................................................................................... 17

F.    Plaintiffs Fail to State a Claim for Mandamus Relief....................................................... 18

G.    The All Writs Act and the Declaratory Judgment Act Are Inappropriate In A FOIA Case Because Another Statute Covers the Issue. ................................................................ 19

H.    Plaintiffs Are Not Entitled to Monetary Damages........................................................ 20

V.    CONCLUSION..................................................................................................... 21

## I.    INTRODUCTION

Plaintiffs Alosina L. Seumanu, Kathryn E. Certesio, Michael S. Jensen, Elias M. Larry, William J .Rolfstad, Tanner T. Scoggin, and CDR John F. Sharpe (Retired), bring suit under the Freedom of Information Act (FOIA), Privacy Act (PA), the Administrative Procedure Act (APA), the Mandamus and Venue Act, the All Writs Act, and the Declaratory Judgment Act (DJA), against the Department of the Navy (the "Navy") regarding multiple requests under FOIA and the Privacy Act.  Plaintiffs generally challenge the Navy's redactions of records it has produced under the FOIA and the Privacy Act.  Plaintiff Jensen also challenges the Navy's withholding of certain documents. However, most, if not all, of Plaintiffs' claims are subject to dismissal.

But before addressing the merits of any individual request, the Court should sever this case into seven individual cases.  Plaintiffs' requests are disparate in nature and do not arise "out of the same transaction, occurrence, or series of transactions or occurrences," as is required for joinder under Federal Rule of Civil Procedure 20(a).  After severance of the claims, the Court should transfer Scoggin's claim to the United States District Court for the District of Columbia or the United States District Court for the Eastern District of Virginia, *i.e.*, to the only federal courts where Scoggin's FOIA and Privacy Act claims are properly situated under FOIA and the Privacy Act's specific venue provisions.  Additionally, for the same reason, the Court should transfer Jensen's claims to the United States District Court for the District of Columbia or the United States District Court for the Eastern District of New York.

For the five cases that remain in the District of Maryland, the Court should dismiss Plaintiffs' claims regarding failure to respond to the requests—to the extent they are still alleged in the Amended Complaint, which is unclear—as moot.  As the Navy previously reported to the Court, the Navy has completed its search for and production of records responsive to the various FOIA and Privacy Act requests at issue. *See, e.g.*, ECF No. 13 ¶ 3 ("Defendants have completed

their production of records responsive to the Plaintiffs' FOIA Requests . . .").  Accordingly, any claim for the Navy's non-response to the FOIA and/or Privacy Act requests is moot and should be dismissed under Rule 12(b)(1).

## II.    BACKGROUND

This case involves twelve FOIA and Privacy Act requests submitted to the Navy by seven individual Plaintiffs.  These requests were filed by each of the individual Plaintiffs at different times between December 14, 2023 and August 6, 2024.  While many of the records in question reside at the United States Naval Academy ("USNA") in Annapolis, Maryland, other records reside in California, Tennessee, Virginia, and the District of Columbia.  Moreover, there is no overlap in the various requests, as each Plaintiff, aside from Sharpe, is seeking documents about their own dispute with the Navy that has nothing to do with that of the other Plaintiffs.  A summary of the Plaintiffs' requests is set forth below.

Jensen

Jensen's various FOIA/Privacy Act requests—submitted on April 26, 2024 to the USNA and NCIS; June 26, 2024 to Navy Legal Service Command ("NLSC"); and August 6, 2024 to the Naval Criminal Investigative Service ("NCIS")—relate "to a Midshipman Discharge Board ('MDB') convened on March 8, 2023, that resulted in [his] involuntary separation from USNA and the Naval Service." *See* Am. Compl. ¶ 43.  In particular, Jensen seeks a recording of an interview conducted by NCIS of MIDN Emily Strand that was an exhibit in Jensen's MDB. Am. Compl. ¶¶ 46–51.  Additionally, Jensen seeks from NLSC records in possession of a Victim's Legal Counsel relating to the MDB and the underlying facts and charges. Am. Compl. ¶ 48. And, Jensen seeks prosecutorial documents concerning his case in the possession of Region Legal Service Office, Naval District Washington. *Id. See also* Am. Compl. Ex. H, ECF 17-8 at 2.

<u>Scoggin</u>

Scoggin submitted a FOIA/Privacy Act request on July 10, 2024 to Navy Personnel Command ("NPC") and another on July 20, 2024 to the Naval Special Warfare Command ("NAVSPECWAR"). Am. Compl. ¶ 52. These requests sought copies of Scoggin's "Official Military Personnel File ('OMPF')." Am. Compl. ¶ 53. Additionally, Scoggin sought "All Naval Special Warfare . . . instructions concerning qualification standards for Special Operations . . . and for authorized wear of the trident insignia," as well as records concerning Scoggin's trident insignia removal proceedings and his administrative separation proceedings. *See* Am. Compl. Ex. M, ECF 17-13 at 2.

<u>Seumanu</u>

Seumanu submitted a FOIA/Privacy Act request to the USNA on July 15, 2024 and another on August 30, 2024. Am. Compl. ¶ 55. Seumanu's requests sought records relating to a Letter of Instruction ("LOI") she received "during the summer of fall of 2023 referring to or addressing her failure of physical fitness exams at USNA. *Id.* More generally, Seumanu also sought records relating to her involuntary discharge from the USNA, which she has challenged in an unrelated case. *See* Am. Compl. Exs. O–R, ECF Nos. 17-15 to 17-18. *See also Seumanu v. United States, et al.*, Case No. 1:24-cv-02646-MJM (D. Md.).

<u>Certesio</u>

Certesio submitted a FOIA/Privacy Act request to the USNA on July 15, 2024. Am. Compl. ¶ 57. In his request, Certesio sought "all records pertaining to reviews of [his] case or files" by any Academic Review Board, Physical Education Review Board, the Athletic Director and Commandant, and any Midshipman Preservation Board. *Id.*

Larry

Larry submitted a FOIA/Privacy Act request to the USNA on April 20, 2024. *Id.* 58. Larry does not specifically allege in the Amended Complaint the records he sought, but notes that among the records were "'records in possession of any Command Managed Equal Opportunity office or official, and in possession of Naval Academy Athletic Department or related entities or departments.'" *Id.* (cleaned up); *see also* Am. Compl., Ex. U, ECF 17-21 at 2–3.

Rolfstad

Rolfstad submitted a FOIA/Privacy Act request to the USNA on July 15, 2024. Am. Compl. ¶ 59. However, he provides no description of the records he sought, and simply takes issue with redactions applied to the records provided to him. *Id.* According to the FOIA response attached to the complaint, the responsive records concerned Rolstad's Midshipmen Development Center records. *See* Am. Compl., Ex. W, ECF 17-23 at 2–3.

Sharpe

Sharpe submitted a FOIA request to the USNA on December 14, 2023 seeking records relating to:

> the policy and/or practice, internal to the offices of the Staff Judge Advocate, the Legal Advisor, and the Conduct Officer, and any related offices or officials, regarding the provision to midshipman or their counsel of Portable Document Format (PDF) or paper copies of Preliminary Investigative Reports (PIRs) produced incident to investigations conducted into offenses alleged and process under COMDTMIDNINST 1610.2M, Administrative Performance and Conduct System, enclosure (1).

*Id.* 60. The USNA responded to the request on March 20, 2024, indicating that five pages of records were being withheld. *Id.* ¶ 60. Sharpe appealed this determination on June 18, 2024, and the Navy affirmed the decision on appeal on October 28, 2024. *Id.* ¶¶ 64–65.

*     *     *     *

Thus, aside from Sharpe, each of Plaintiffs' FOIA/Privacy Act requests largely pertain to different information that is specific to each individual and to disciplinary proceedings and their eventual separation from the Navy. Further, the Amended Complaint largely takes issue with the veracity of redactions the Navy applied to records that have been provided. However, aside from Sharpe, nowhere do Plaintiffs allege that, prior to seeking judicial relief, they have filed the required appeals of the Navy's determinations on redactions and in some cases the withholding of documents.

## III. LEGAL STANDARDS

### A. <u>Severance of the Plaintiff's Claims Under Rules 20(a) and 21.</u>

Federal Rule of Civil Procedure 21 provides the Court with broad discretion to "sever any claim against a party." In determining whether to sever claims, courts employ the permissive joinder requirements articulated in Rule 20(a), which requires Plaintiffs to satisfy two conditions: assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs [must] arise in the action." *Ben'Israel v. Glob. Mgmt. Sols., Inc.*, Civ. A. No. WDQ-11-0257, 2014 WL 6490206, at *3 (D. Md. Nov. 18, 2014) (quoting Rule 20(a)). To satisfy the "same transaction or occurrence" prong of Rule 20(a), the claims must be logically related to each other. *See Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010). A party cannot join another party who engaged in similar behavior but who is otherwise unrelated; some concerted action is required. *Pinson v. United States DOJ*, 74 F. Supp. 3d 283, 289 (D.D.C. 2014). The other prong of Rule 20(a) requires some common question of law or fact as to all of Plaintiffs' claims. *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10–11 (D.D.C. 2004) (citation omitted). Courts enjoy wide discretion over joinder of parties to promote trial convenience and expedite the final determination

of disputes. *Id*. (citing *Aleman v. Chugach Support Servs., Inc*., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

**B.      Dismissal for Improper Venue Under Rule 12(b)(3), or in the Alternative, Transfer of Venue Under 28 U.S.C. § 1406.**

Federal Rule of Civil Procedure Rule 12(b)(3) allows a defendant to test, at the lawsuit's outset, whether the plaintiff has brought the case in the proper venue.  In considering a motion under Rule 12(b)(3), "the court is permitted to consider evidence outside the pleading" and the plaintiff bears the burden of demonstrating "a prima facie showing of proper venue." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012).  Where the plaintiff's chosen forum is an improper venue under applicable law, or is otherwise inconvenient, the Court may dismiss the matter or transfer it to a district where venue is more appropriate or convenient. *See* 28 U.S.C. § 1406(a) (providing for dismissal or transfer when venue is defective).

**C.      Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1).**

A motion to dismiss based on lack of subject-matter jurisdiction, under Rule 12(b)(1), raises the question of whether the Court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 299 (D. Md. 2005).  As a result, the Court "generally may not rule on the merits of a case without first determining that it has the jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998)).  The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The requirement that a plaintiff establish subject-matter jurisdiction "as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*, 523 U.S. at 95 (some internal quotation marks omitted).  For

that reason, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Rule 12(h)(3)).

When a defendant challenges subject-matter jurisdiction, the Court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d 765, 768 (4th Cir. 1991)); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (holding that, in considering exhibits outside pleadings, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case") (internal quotation omitted). The Court may properly grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Relevant here, mootness is assessed under the Rule 12(b)(1) rubric. Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy is assessed through the lens of mootness. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). An actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008). A case becomes moot "when the claimant receives the relief he or she

sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (internal citations and quotations omitted).

### D.     Failure to State a Claim Upon Which Relief Can be Granted Under Rule 12(b)(6).

A challenge under Rule 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted. In ruling on such a motion, although a court must accept as true all the factual allegations in the complaint, legal conclusions drawn from those facts are not afforded deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In addition, "a court may properly consider documents that are 'explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits,'" and when it does the "'general rule' is that 'the exhibit prevails in the event of a conflict between an attached exhibit and the allegations of the complaint.'" *Doe v. Cmty. Coll. Of Bal. Cnty.*, 595 F. Supp. 3d 392, 404 (D. Md. March 30, 2022) (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–67 (4th Cir. 2016)). Likewise, the Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached . . . to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Within this framework, a complaint must allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the plausibility requirement does not impose a "probability requirement[,]" *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Iqbal*, 556 U.S. at 663.

### E.    Summary Judgment Under Rule 56.

Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013) (quoting FED. R. CIV. P. 56(a), (c)).  An issue of fact is "genuine" only if the evidence is such that a reasonable factfinder could find for the non-moving party. *See Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986).  A fact is "material" only if it could affect the outcome under the general applicable standard. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV.    ARGUMENT

### A.    Plaintiffs' Claims Should Be Severed.

The Court should sever Plaintiffs' individual claims, each of which turns on its own unique facts and circumstances and involves different requests under FOIA and the Privacy Act. Though Plaintiffs may all have similar motivations for seeking access to Navy records, the factual similarities of their claims end there.  More simply, Plaintiffs do not allege concerted action or a same transaction or occurrence that would allow them to bundle their claims together in a single lawsuit.  To the contrary, "it is clear from the face of the [Amended] Complaint that each FOIA/PA request at issue in the instant case was submitted independently by a single plaintiff, and none of the . . . FOIA/PA request at issue seek any of the same records.  Thus, the claims based on these individual requests may not provide the basis for joinder in one action of all [seven] plaintiffs." *See Shapiro v. DOJ*, Civ. A. No. 12-1883 (BAH), 2013 U.S. Dist. LEXIS 189406, at *5 (D.D.C.

Apr. 17, 2013) (severing 13 FOIA claims brought by four plaintiffs against a single government agency); *accord Wash. Law.s' Comm. for C.R. & Urb. Affairs v. United States DOJ*, Civil Action No. 23-1328, 2024 U.S. Dist. LEXIS 41540, at *38–40 (D.D.C. Mar. 10, 2024) (severing 39 individual FOIA requests brought by a single plaintiff, given that they were "logically distinct," seeking records "relating to different individuals or different types of more general … information."). The Table below demonstrates this fact.

| Plaintiff | Date Request Filed | Tracking Number | Custodian of Records (State) | Am. Compl. ¶¶ |
|---|---|---|---|---|
| Jensen | April 26, 2024 | 2024-NavyPA-000118 | USNA (MD) | 43 |
| Jensen | April 26, 2024 | 2024-NAVYFOIA-004169 | NCIS (VA) | 46 |
| Jensen | June 26, 2024 | 2024-NAVYPA-000186 | NLSC (DC) | 49 |
| Jensen | August 6, 2024 | 2024-NavyPA-000272 | NCIS (VA) | 51 |
| Scoggin | July 10, 2024 | 2024-NavyPA- 000211 | NPC (TN) | 52 |
| Scoggin | July 20, 2024 | 2024-NavyFOIA-000256 | NSWC (CA) | 52 |
| Seumanu | July 15, 2024 | 2024-NavyPA-000225 | USNA (MD) | 55 |
| Seumanu | August 30, 2024 | 2024-NavyPA-000311 | USNA (MD) | 55 |
| Certesio | July 15, 2024 | 2024-NavyPA-000223 | USNA (MD) | 57 |
| Larry | April 30, 2024 | 2024-NavyPA-000119 | USNA (MD) | 58 |
| Rolfstad | July 15, 2024 | 2024-NavyPA-000226 | USNA (MD) | 59 |
| Sharpe | December 14, 2023 | USNA-2024-FO-000021 | USNA (MD) | 60–62 |

| Plaintiff | Date Request Filed | Tracking Number | Custodian of Records (State) | Am. Compl. ¶¶ |
|---|---|---|---|---|
| Sharpe | June 18, 2024 | 2024-NavyAPPEAL-000138 | (appeal)[1] | 64 |

Even if the Court determines that the claims here are not eligible for severance under Rule 20(a), it should nevertheless exercise its discretion and sever them to effectuate transfers to more appropriate judicial districts.  Each Plaintiff's FOIA/Privacy Act request is unique, requiring the Court to consider the government's response to each Plaintiff's requests separately, so that adjudicating Plaintiffs' claims together will not facilitate judicial economy. *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 91 (E.D. Pa. 2010).

### B.    Scoggin's and Jensen's Claims Should Be Dismissed or, Alternatively, Transferred to an Appropriate Venue.

Under 5 U.S.C. § 552a(g)(5), a civil action under the Privacy Act "may be brought in the district court of the United States in the district in which the complainant resides, or has a principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy."  Likewise, "[t]he general venue provision, 28 U.S.C. § 1391, does not apply to FOIA actions.  Instead, in a FOIA suit, venue is proper only in the following districts: (1) the district in which the plaintiff resides or has their principal place of business; (2) the district in which the relevant agency records are located; and (3) the District of Columbia." *Abissi v. USCIS*, 729 F. Supp. 3d 505, 508 (D. Md. 2024); 5 U.S.C. § 552(a)(4)(B).

Here, only Seumanu and Sharpe reside in Maryland. Am. Compl. at 1 (case caption). Certesio resides in Delaware, Jensen resides in New York, Larry resides in California, Rolfstad

---

[1] This is the appeal for Sharpe's USNA-2024-FO-000021 FOIA request. Although it has its own tracking number, it is derivative of the initial request and not a separate request.

resides in South Dakota, and Scoggin resides in Virginia. *Id.* Venue is nevertheless proper for five of the seven Plaintiffs because they either live in Maryland or because the records at issue are located at the USNA in Annapolis, Maryland. Scoggin and Jensen are the outliers. Scoggin resides in Virginia Beach, Virginia, which is in the geographical jurisdiction of the Eastern District of Virginia. Am. Compl. at 1. Scoggin's FOIA and Privacy Act claim with tracking number 2024-NavyPA-000211 was handled by the Navy Personnel Command in Millington, Tennessee. *See* Am. Compl. ¶ 52 ("On July 10, 2024, under the FOIA and Privacy Act, Plaintiff Scoggin requested, by and through the Firm, copies of records in possession of NPC."); Am. Compl., Ex. K, ECF No. 17-11 at 1 (bearing letterhead of the NPC in Millington, Tennessee). Likewise, the documents responsive to request 2024-NavyPA-000211 reside electronically on secured servers located in Millington, Tennessee. Ex. 1, Declaration of Erin Ramil ("Ramil Decl.") ¶¶ 2–4.

Separately, Scoggin's FOIA and Privacy Act claim with tracking number 2024-NavyFOIA-000256 was handled by the Naval Special Warfare Command in San Diego, California. *See* Ex. 2, Declaration of Samantha Caldwell ("Caldwell Decl.") ¶¶ 1–2; *see also* Am. Compl. ¶ 54 (noting that the request was handled by "NAVSECWAR"); Am. Compl., Ex. M at 1 (bearing letterhead of Naval Special Warfare Command in San Diego, California). The documents responsive to this request do not exist on a single server, but rather reside on multiple cloud servers throughout the United States." Ex. 2, Caldwell Decl. ¶ 3.

Notable here, "[w]hen the records are stored in a cloud environment not specific to any particular state, courts have found that venue cannot be established" based on the location of certain records. *See Jackson v. Mayorkas*, Civ. A. No. TDC-22-2193, 2023 WL 5278819, at *3 (D. Md. Aug. 16, 2023) (assessing venue under similar provision for Title VII cases involving the location of "employment records"). Thus, under the specific venue provisions of the FOIA and

the Privacy Act, the only available venues for Scoggin to litigate both his FOIA and Privacy Act requests together, *i.e.*, 2024-NavyPA-000211 and 2024-NavyFOIA-000256, are the United States District Court for the Eastern District Virginia and the United States District Court for the District of Columbia.  Therefore, after severing the claims in this case, the Court should either dismiss Scoggin's case for improper venue under Rule 12(b)(3), or transfer Scoggin's case to the District of Columbia or to the Eastern District of Virginia, where venue is proper for his claims relating to both 2024-NavyPA-000211 and 2024-NavyFOIA-000256.

Similarly, Jensen lives in Lynbrook, New York, which is in the geographical jurisdiction of the Eastern District of New York. Am. Compl. at 1. Jensen's four FOIA claims concern documents held by the USNA in Maryland, the NCIS in Virginia, and the NLSC in Washington, DC.  Unless his claims are severed as separate cases, the only courts that have venue for all the claims brought collectively are the United States District Court for the Eastern District of New York, where Plaintiff resides, or the United States District Court for District of Columbia, which has venue for all FOIA/PA claims.  Accordingly, Scoggins's claim should be dismissed for improper venue under Rule 12(b)(3) or transferred to the United States District Court for the Eastern District or the United States District Court for the District of Columbia.

Alternatively, if the Court does not sever this case into seven separate lawsuits, the Court should nevertheless transfer the entire case to the District of Columbia where venue is proper for all Plaintiffs. *See Abissi*, 729 F. Supp. 3d at 510 ("With respect to the two Plaintiffs who are Maryland residents, the Court concludes that the interests of justice and the convenience of all parties counsels in favor of also transferring their cases to the District of Columbia.  When venue is proper with respect to some, but not all, parties, district courts have discretion to transfer the entire case to a proper venue.").

13

**C.    Plaintiffs' FOIA and Privacy Act Claims for Untimely Response Are Moot Because Defendant Responded to All of Plaintiffs' Requests.**

The original Complaint in this case alleged that the Navy had failed to make determinations on Plaintiffs' FOIA/Privacy Act requests. *See generally* Compl. ¶¶ 48–168.  But as of this writing, the Navy has responded to all of Plaintiffs' FOIA/Privacy Act requests. *See, e.g.*, Am. Compl. ¶¶ 44, 47, 49–51, 53–54, 56–59, 62.  It is unclear whether Plaintiffs' claims that the Navy failed to make determinations on their FOIA/Privacy Act requests survive in the Amended Complaint.  On one hand, the individual Counts of the Amended Complaint take issue with the Navy's actual responses to Plaintiffs' various FOIA/Privacy Act requests, and therefore make no mention of any failure by the Navy to make a determination on those requests. Am. Compl. ¶¶ 71–168.  On the other hand, Plaintiffs seek a declaration that "[e]ach failure by Defendant to make a determination with respect to of Plaintiff's [sic] Privacy Act request(s) that have gone unanswered" violates the Privacy Act. Am. Compl. at 39, ¶ 1.b.  Likewise, Plaintiffs ask the Court to compel the Navy to "[m]ake and communicate to Plaintiffs its determinations, where those determinations remain lacking." *Id.* at 40 ¶ 2.b.

In any event, to the extent that Plaintiffs still assert that the Navy has failed to make a determination on their FOIA/Privacy Act requests, those claims are now moot.  Courts dismiss such cases of "tardy" response for mootness. *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) (dismissing case as moot because only issue in case was "tardiness" of agency response, which was made moot by agency disclosure determination); *Reaves v. Jewell*, No. 14-cv-2245 (DKC), 2014 WL 6698717, at *4 (D. Md. Nov. 26, 2014) (holding defendant's tardy production of documents rendered plaintiff's FOIA complaint for non-response to a FOIA moot); *Taitz v. Colvin*, 13-cv-1878 (ELH), 2013 WL 6623196, at *2 (D. Md. Dec. 13, 2013) (holding SSA's late production of documents in response to FOIA request mooted complaint for nonresponse).

As a result, Plaintiffs' claims are now moot and should be dismissed.

### D.    Plaintiffs Failed to Exhaust Administrative Remedies Under the Privacy Act.

Plaintiffs' Privacy Act claims are not properly before the Court because Plaintiffs have not exhausted their administrative remedies. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 116 n.1 (4th Cir. 1995) (holding that plaintiff's Privacy Act claim was not properly before the District Court because he did not first exhaust his administrative remedies). Unlike the FOIA, the Privacy Act does not provide for constructive exhaustion of remedies. *Id.* ("[T]he Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision. . . ."); *accord Sussman v. U.S. Dep't. of Justice*, No. 03-cv-3618, 2006 WL 2850608, at *5 (E.D.N.Y. Sep. 30, 2006) (collecting cases holding that the Privacy Act does not allow for constructive exhaustion); *Mikhashov v. DOD*, Civil Action No. 22-3485 (BAH), 2024 U.S. Dist. LEXIS 174894, at *25-26 (D.D.C. Sep. 26, 2024) ("[T]he law is well-settled that a plaintiff alleging a violation of the Privacy Act's access-to-records provision, under 5 U.S.C. § 552a(d)(1), is required to exhaust administrative remedies prior to filing a civil action.") (citing cases). Thus, "[b]efore judicial review of compliance can occur, citizens must exhaust administrative agency procedures." *Haley v. SSA*, Civ. A. No. JKB–14–3775, 2015 WL 3745618, at *3 (D. Md. June 11, 2015) (citations omitted).

Here, Plaintiffs have failed to exhaust their administrative remedies with respect to their Privacy Act claims because they have failed to file, or pled to have filed, any administrative appeal concerning their Privacy Act Requests. *See Lopez v. NARA*, 301 F. Supp. 3d 78, 90 (D.D.C. 2018) (dismissing plaintiff's Privacy Act claim for failure to exhaust administrative remedies where plaintiff "never internally appealed NARA's determination, and plaintiff never sent a proper request to CIA"); *Kearns v. FAA*, 312 F. Supp. 3d 97, 107 (D.D.C. 2018) (finding that because plaintiff "did not appeal the FAA's determination regarding his November 2015 Privacy Act request, Kearns did not pursue the full extent of his administrative remedies"); *Rossmann v. SSA*,

No. 20-5296, 2021 U.S. App. LEXIS 3870, at *1 (D.C. Cir. Feb. 10, 2021) ("The district court correctly concluded that appellant failed to exhaust administrative remedies as required by the Privacy Act . . . as he did not administratively appeal the decision of the Social Security Administration regarding his request for records.") (cleaned up); *Dickson v. OPM*, 828 F.2d 32, 40 (D.C. Cir. 1987) (determining that an appellant who failed to exhaust administrative remedies under the Privacy Act by not filing an administrative appeal was therefore "barred" from seeking judicial review). Relevant here, controlling Department of Defense regulations provide that if a "requestor is dissatisfied with a DoD Component's response" to a Privacy Act request, "the requestor can appeal an adverse determination denying the request to the appellate authority listed in the notification of denial letter." 32 C.F.R. § 310.6(a). If the appeal is affirmed "in whole or in part, the notification will . . . inform the appellant of the Privacy Act provisions for judicial review of the appellate authority's decision." *Id*. § 310.6(b). Importantly however, "[i]n order to seek judicial review of a denial for access to records, *a requestor must first file an appeal under* this section." *Id*. § 310.6(c) (emphasis added); *cf. id*. § 310.8 (mentioning "the right to judicial review after a denied appeal for access").

In their Amended Complaint, Plaintiffs allege that there is no requirement for them to exhaust administrative remedies where the Navy has failed "to make a determination to disclose requested records *in the absence of a proper denial* of access to requested records." But Plaintiffs cite no case law, statutes, or regulations in support of this proposition. Moreover, as explained *supra*, the Navy has now fully responded to the various FOIA and Privacy Act requests in this case. Although Plaintiffs may find the Navy's decisions disappointing or disagreeable, that is the purpose of an appeal, and is why "a requestor must fire file an appeal" before he or she may "seek

16

judicial review." *See id.* § 310.6(c); *see also* SECNAVINST 5720.42G, Encl. (3), ¶ 10 ("Processing Appeals Made Under Privacy Act and the FOIA")

That Plaintiffs have not alleged exhaustion of their administrative remedies is not coincidental. Other than Sharpe, none of the Plaintiffs has filed an appeal of the Navy's adverse determinations; instead, they ask this Court to assume that administrative function required by 32 C.F.R. § 310.6(c). *See* Ex. 3, Declaration of Greggary E. Lines ("Lines Decl.") ¶¶ 4–18 (describing process by which the Navy searched for appeals filed by Plaintiffs and stating that, other than Sharpe, no such appeals exist).

Accordingly, Plaintiffs' Privacy Act claims should all be dismissed for failure to state a claim because they have not adequately alleged exhaustion of administrative remedies in the Amended Complaint. In the alternative, and based on the Lines Declaration, the Court should enter summary judgment on Plaintiffs' Privacy Act claims for failure to exhaust administrative remedies.

### E.   Plaintiffs' APA Claim Must be Dismissed Because the FOIA and Privacy Act Provide an Adequate Alternate Remedy.

Plaintiffs' APA claim must be dismissed for lack of subject-matter jurisdiction because the APA only provides for judicial review of agency action "if there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, the FOIA and Privacy Act provide an adequate remedy for Plaintiffs to seek disclosure of the requested documents, depriving the Court of jurisdiction under the APA. *See McKenzie-El v. IRS*, No. 19-cv-1956 (ELH), 2020 WL 902546, at *12 (D. Md. Feb. 24, 2020) ("Because plaintiff's APA claim is coextensive with his FOIA claim, it cannot be said that there exists no other adequate judicial remedy."); *accord Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011) ("FOIA specifically bars judicial review of an APA claim where the claimant seeks 'a court order' to produce the same documents under

both FOIA and the APA."); *Immerso v. United States Dep't of Labor*, No. 19-CV-3777 (NGG) (VMS), 2020 U.S. Dist. LEXIS 218089, at *22-23 (E.D.N.Y. Nov. 20, 2020) ("Courts to consider the issue, including six circuit courts, have consistently held that dissatisfied FOIA requesters may not seek disclosure of records under the APA, because FOIA provides for an adequate alternative remedy: 'precisely the kind of special and adequate review procedure that Congress immunized from duplicative APA review.'" (quoting *Citizens for Responsibility & Ethics in Washington v. DOJ*, 846 F.3d 1235, 1246 (D.C. Cir. 2017))); *Westcott v. McHugh*, 39 F. Supp. 3d 21, 33 (D.D.C. 2014) ("A plaintiff cannot bring an APA claim to obtain relief for an alleged Privacy Act violation."); *Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (*"*This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA.").

Because the relief Plaintiffs request in this case is available through the FOIA and Privacy Act (after proper exhaustion), the Court lacks subject-matter over Plaintiffs' APA claims.

### F.    Plaintiffs Fail to State a Claim for Mandamus Relief.

Similarly, Plaintiffs fail to plead facts entitling them to Mandamus relief. A plaintiff seeking a writ of mandamus must "show[] that he has 'no other adequate means to attain the relief he desires' and that his right to such relief is 'clear and indisputable.'" *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987) (quoting *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980)).  If a plaintiff can obtain relief through the FOIA or the Privacy Act, he cannot maintain a mandamus action. *United States v. Siers*, 937 F.2d 603 (Table Decision), 1991 WL 113579, at *3 (4th Cir. Jun. 28, 1991) (affirming district court's denial of mandamus petition to compel production of documents where FOIA was available); *In re Croitoru*, 322 F. App'x 147, 148 (3d Cir. 2009) ("[Appellant] may not use the extraordinary remedy of mandamus if an adequate alternative remedy, i.e., a FOIA request, is available."); *Pickering-George v. Registration Unit, DEA/DOJ*,

553 F. Supp. 2d 3, 4, n.1 (D.D.C. 2008) ("The exclusive nature of the FOIA precludes mandamus relief."); *Chaverra v. U.S. Immigration & Customs Enf't*, No. 18-cv-289, 2018 WL 4762259, at *6 (D.D.C. Oct. 2, 2018) ("In a near unanimous chorus, courts in this circuit have rejected plaintiffs' attempts to use a writ of mandamus to compel agencies to turn over government records because FOIA gives them an adequate remedy.") (collecting cases).

Here, just as Plaintiffs' APA claims fail because the FOIA and Privacy Act provide an adequate remedy, so too do Plaintiffs' Mandamus claims.

### G.    The All Writs Act and the Declaratory Judgment Act Are Inappropriate In A FOIA Case Because Another Statute Covers the Issue.

Neither the All Writs Act nor the Declaratory Judgment Act provides relief where the FOIA and Privacy Act cover a claim.  Courts may not grant relief under the All Writs Act if another statute "specifically addresses" the issue in dispute. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").  The All Writs Act is not meant to authorize courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate. *Id. See also Isiwele v. U.S. Dep't of Health and Human Servs.*, 85 F. Supp. 3d 337, 352 (D.D.C. 2015) ("The comprehensiveness of FOIA forecloses any claims purportedly brought also under the APA, the [Declaratory Judgment Act] and the All Writs Act.") (internal quotations omitted).   Similarly, FOIA forecloses parallel claims under the Declaratory Judgment Act. *Id.* at 352–53; *Inst. for Policy Studies v. C.I.A.*, 885 F. Supp. 2d 120, 152–53 (D.D.C. 2012) (holding declaratory relief improper because FOIA provided adequate remedy to address alleged FOIA violations).

The FOIA and Privacy Act are two existing statutes that specifically address Plaintiffs' request for documents.  Accordingly, the All Writs Act and Declaratory Judgment Act do not provide relief to Plaintiffs.

**H.      Plaintiffs Are Not Entitled to Monetary Damages.**

To the extent the Amended Complaint seeks monetary damages, such damages "are not available under FOIA." *Williams v. ATF*, 15-cv-1969 (PWG), 2017 WL 3978580, at *4 (D. Md. Sep. 8, 2017); *accord* 5 U.S.C. § 552(a)(4)(B) (stating that the court has jurisdiction (1) to enjoin the withholding of documents and (2) to order their production); *Smith v. Commc'ns Works of Am.*, No.12-cv-00027 (AW), 2012 WL 6727150, at *4 (D. Md. Dec. 26, 2012) ("Plaintiff's prayer for damages is fatal to his FOIA claim.").

Nor is there any right to recover monetary damages in a Privacy Act access suit. *Thurston v. United States*, 810 F.2d 438, 446–47 (4th Cir. 1987) ("The privacy act does not provide for statutory damages in . . . a suit brought under subsection (g)(1)(B) [for failure to comply with an individual request]."). Plaintiffs incorrectly claim that the Navy's alleged failure to fully respond to their records request falls under 5 U.S.C §552a(g)(1)(D), a "catchall" provision allowing damages if an agency "fails to comply with any other provision of this section." 5 U.S.C. § 522a(g)(1)(D); Am. Compl. at 39, Prayer ¶ 1(b).  Plaintiffs claim that their requests falling under (g)(1)(D) entitles them to actual damages. *See* U.S.C. § 552a(g)(4)(A) (providing for actual damages "[i]n any suit brought under the provisions of subsection (g)(1)(C) or (D)"); Am. Compl. at 40, Prayer ¶ 5 (seeking "actual damages under 5 U.S.C. § 552a(g)(4)(A)").  The catchall section is unavailable, however, where another provision of the section applies, and here Plaintiffs' claims are properly considered under subsection (g)(1)(B). *See* 5 U.S.C. § 552a(g)(1)(B) (providing a civil action whenever an agency "refuses to comply with an individual request under subsection (d)(1) of this section"); *Haddon v. Freeh*, 31 F. Supp. 2d 16, 22 (D.D.C. 1998) (holding that where

plaintiff alleges agency "failed to turn over information that it is required to turn over pursuant to the Privacy Act," the alleged violation falls under subsection (g)(1)(B)). Where a claim falls under subsection (g)(1)(B), "the only remedy available to the plaintiff . . . is injunctive relief." *Id.*

As a result, the Amended Complaint fails to plead entitlement to monetary damages.

## V.    CONCLUSION

For the reasons stated above, the Court should (1) sever Plaintiffs' claims into seven separate cases; (2) dismiss Scoggin's severed case for improper venue under Rule 12(b)(3), or transfer his case to the District of Columbia or the Eastern District of Virginia pursuant to 28 U.S.C. § 1406; (3) dismiss Jensen's severed case for improper venue under Rule 12(b)(3), or transfer his case to the District of Columbia or the Eastern District of New York pursuant to 28 U.S.C. § 1406; (4) dismiss all claims alleging failure to respond to FOIA or Privacy Act requests as moot under Rule 12(b)(1); (5) dismiss Plaintiffs' claims under the APA, Mandamus Act, the All Writs Act, and the Declaratory Judgment Act for lack of subject-matter jurisdiction under Rule 12(b)(1); and (6) dismiss Plaintiffs' Privacy Act claims for failure to exhaust administrative appeals under Rule 12(b)(6). In the alternative, the Court should enter summary judgment for the Navy on the Privacy Act claims for failure to exhaust administrative appeals. Finally, in the event the Court does not sever Plaintiffs' claims into individual cases, the Court, prior to addressing the merits of any Rule 12 arguments, should transfer this case to the District of Columbia, where venue is proper for all Plaintiffs.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

_____/s/_____
Michael J. Wilson (Bar No. 18970)
Assistant United States Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4941
Michael.Wilson4@usdoj.gov