UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEUMANU, *et al.*, | * | |
|     Plaintiffs, | * | |
| v. | * | Civil Action No. CJC-24-2808 |
| DEPARTMENT OF THE NAVY, | * | |
|     Defendant. | * | |

### MEMORANDUM OPINION

In this case, Plaintiffs Alosina Seumanu, Kathryn Certesio, Elias Larry, and William Rolfstad, all current or former United States Naval Academy Midshipmen (the "Midshipmen"), sue Defendant, the Department of the Navy ("the Navy"). Before the Court is the Navy's Motion to Sever, to Dismiss for Improper Venue or Transfer Venue, and to Dismiss the Amended Complaint, or In the Alternative, Motion for Summary Judgment. ECF. No. 23. The issues have been fully briefed, and no hearing is necessary. Loc. R. 105.6.

For the reasons discussed below, the Court will deny the Motion to Sever and deny the Motion to Dismiss for Improper Venue or to Transfer Venue as moot. The Court will grant in part and deny in part the Navy's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Between December 2023 and August 2024, the four Midshipmen, in addition to three former plaintiffs, Michael Jensen, Tanner Scoggin, and John Sharpe, requested records from

---

[1] The factual allegations relating to plaintiffs' claims are drawn from the Midshipmen's Amended Complaint and the exhibits attached thereto.

various offices within the Navy pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. ECF Nos. 17-2, -11, -14, -19, -21, -23, -26. These plaintiffs claim they sought records in connection to adverse personnel actions taken against them by the Navy. *See* ECF No. 17 ¶ 3.

The Midshipmen specifically allege that they requested personnel records from the United States Naval Academy. ECF No. 17 at 16–18.[2] Seumanu requested records related to her physical fitness exams at the Naval Academy. ECF No. 17 ¶ 55. Certesio requested records related to whether Naval Academy athletic and academic review boards and staff had reviewed his personnel files. ECF No. 17 ¶ 57. Larry requested personnel records in possession of the Naval Academy's equal opportunity office and athletic department. ECF No. 17 ¶ 58. Rolfstad sought records from the Naval Academy's Midshipmen Development Center. ECF No. 17-23.

After filing their records requests, the seven plaintiffs initially filed this suit on September 30, 2024. ECF No. 1.[3] The plaintiffs each brought causes of action under the FOIA, the Privacy Act, the Administrative Procedures Act ("APA"), the Mandamus and Venue Act ("Mandamus"), the All Writs Act, and the Declaratory Judgment Act ("DJA"). ECF No. 1 at 2. They alleged that the Navy had failed entirely to timely respond to their requests, either in the first instance or, as regards Sharpe, at the appellate stage. *See* ECF No. 1 at 13–29.

Between October and December 2024, the Navy responded to the plaintiffs' records requests. ECF Nos. 17-2, -11, -14, -19, -21, -23, -28. The plaintiffs allege that the Navy responded to the requests by providing some documents with redactions, by providing some

---

[2] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

[3] Two additional plaintiffs, Ethan Mead and Landon Wheelless, were also part of the initial lawsuit. ECF No. 1 at 3. These two plaintiffs withdrew prior to the filing of the instant motion. ECF No. 17 at 4. Accordingly, the Court acknowledges, but does not address these plaintiffs any further.

2

documents without redactions, and by withholding some documents altogether. *See, e.g.*, ECF No. 17 at 17–18.

On March 20, 2025, the plaintiffs filed an Amended Complaint, which now alleges that the Navy has inadequately responded to their records requests. *See generally* ECF No. 17 at 23–39.

On April 28, the Navy filed the instant motion. ECF No. 23. Following this filing, the parties jointly moved to sever and transfer the three former plaintiffs' claims to the United States District Court for the District of Columbia, and the Court granted the motion. ECF Nos. 27, 29. The four Midshipmen, now the only remaining plaintiffs in this case, filed an opposition to the instant motion on July 25. ECF No. 32. The Navy filed a reply on August 15. ECF No. 35.

## DISCUSSION

The Navy moves to sever the claims of the Midshipmen, to transfer or dismiss for improper venue the claims of Scoggin and Jensen, and to dismiss or request summary judgment on several of the Midshipmen's claims. ECF No. 23. The Court begins with the motion to sever and addresses the remaining two motions in turn.

### I. The Motion to Sever is Denied.

The Navy first argues that each of the four Midshipman's claims should be severed and transferred to different federal courts. ECF No. 23-1 at 11–13. The Court disagrees.

The Navy moves for severance under Rule 21 of the Federal Rules of Civil Procedure, which permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. Courts wield "virtually unfettered discretion" in determining whether to sever a claim under Rule 21. *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005). Additionally, courts recognize a presumption against severance. *Equal Rights Ctr. v. Equity*

3

*Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007). As a result, courts should generally exercise their broad discretion in favor of resolving claims in a single action. *See id.*

Courts in the Fourth Circuit generally analyze whether severance is appropriate under (1) the permissive joinder requirements; and (2) the factors outlined in *Arnold v. Eastern Airlines, Inc. See Antoine v. Amick Farms, LLC*, Civil Action No. ELH-16-2444, 2017 WL 68646, at *11 (D. Md. Jan. 6, 2017) (quoting Fed. R. Civ. P. 21(a)); *Engler v. Harris Corp.*, Civil Action No. GLR-11-3597, 2012 WL 5193818, at *3 (D. Md. Oct. 18, 2012) (quoting *Arnold v. E. Airlines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). The Court addresses each in turn.

A.     **Permissive Joinder**

When analyzing severance, courts in the Fourth Circuit review whether the plaintiffs satisfy the two requirements of permissive joinder. Fed. R. Civ. P. 20(a) (describing permissive joinder); *Antoine*, 2017 WL 68646, at *11. Plaintiffs satisfy permissive joinder if they, first, assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if, second, there is a "question of law or fact common to all plaintiffs … in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). As to the second element, the parties here agree that there are common questions of law. ECF Nos. 32-1 at 8, 35 at 2. Thus, the only issue remaining is whether the Midshipmen's claims involve the same series of transactions or occurrences.

Claims arise from the same series of transactions or occurrences "if they have a logical relationship to one another." *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 382 (D. Md. 2011). "An absolute identity of all events is not necessary" for claims to arise from the same series of transactions or occurrences, and courts must construe this analysis in light of the purpose of Rule 20(a), "which is to promote trial convenience and

4

expedite the final determination of disputes, thereby preventing multiple lawsuits." *John S. Clark Co. v. Travelers Indem. Co. of Illinois*, 359 F. Supp. 2d 429, 438 (M.D.N.C. 2004) (citation omitted).

Here, the Midshipmen's claims have a logical relationship with one another. Each of the four Midshipman's claims involve access to records requests under FOIA and the Privacy Act, and each request was made to the United States Naval Academy within the Navy. ECF No. 17 at 30–37. Each Midshipman requested records "in connection with the adverse personnel action against" them. ECF No. 17 ¶¶ 122, 134, 146, 157. Moreover, the specific subject matter of the records sought was similar. For instance, three of the four Midshipmen requested records from athletic departments within the Naval Academy pertaining to physical fitness assessments. ECF No. 17 ¶¶ 56–58. The Navy responded to the requests by sending similar documents—each Midshipman, for example, received a briefing sheet with redactions that describe how they were separated from the Navy. ECF Nos. 17-15 at 2, 17-20 at 2, 17-22 at 2, 17-24 at 2. Finally, the Navy partially denied each request based on the same two records exemptions: the deliberative process exemption under FOIA, and an exemption for information compiled in reasonable anticipation of litigation under the Privacy Act. ECF No. 17 ¶¶ 115, 127, 139, 151; 5 U.S.C. § 552(b)(5) (deliberative process exemption); 5 U.S.C. § 552a(d)(5) (anticipation of litigation exemption). In sum, the logical relationships between the Midshipmen's claims are numerous— they involve identical causes of action, against the same defendant, seeking similar records in relation to adverse personnel actions, and the defendant responded by providing similar records and denying the requests based on the same exemptions. As a result, the Midshipmen's claims arise from the same "series of transactions or occurrences" under the Federal Rules' liberal

joinder standards. Thus, the Court finds that the Midshipmen have satisfied the standard for permissive joinder, meaning severance is inappropriate.

### B.   The *Arnold* Factors

In addition to the permissive joinder standard, the Fourth Circuit has articulated four factors to determine if a court should exercise its discretion to sever claims. *Arnold*, 681 F.2d at 193. These factors are "[1] the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* Courts weigh these factors against the risk of prejudice to the movant and the risk of jury confusion.[4] *Id.*

Applying the *Arnold* factors establishes that severance is inappropriate in this case. First, given that the Navy has partially denied the Midshipmen's records requests based on the same two records exemptions, severance could lead to different courts inconsistently adjudicating identical legal matters. Second, the resources of the parties and the Court are better spent by litigating the Midshipmen's claims in a single lawsuit, rather than four. Four suits would risk duplicative and costly discovery and motions practice that can be avoided through a consolidated case, and a single case "will enable the Court to devote time to other cases." *Antoine*, 2017 WL 68646, at *14. It follows that, third, a single suit would be more efficiently resolved because it would be governed by a single scheduling order. Separate cases assigned to different judges could proceed on different timelines, depending on each assigned judge's caseload. Fourth, a

---

[4] Although no party raised the issue, courts in the Fourth Circuit have sometimes analyzed severance under four separate factors outlined in *Equal Rights Center*. 483 F. Supp. 2d at 489. Because the *Arnold* factors and the *Equal Rights Center* factors are substantively similar, the Court will focus its discussion on the *Arnold* factors.

single trial would minimize expenses by ensuring counsel for the litigants and their witnesses would attend only one trial. Taken together, the *Arnold* factors counsel against severing the Midshipmen's claims.

The Navy will not be prejudiced and a jury would not be confused if this case remains consolidated. "[F]our plaintiffs is not so many as to create undue difficulties in case management or prejudice to" the Navy. *Antoine*, 2017 WL 68646, at *14. Moreover, the Midshipmen's circumstances are not so different that the Navy could not adequately defend itself. Finally, there is no risk of jury confusion, as the Court can adequately instruct a future jury that each Midshipman must prove their case and that a finding of liability for one Midshipman "has no bearing as to the case of another." *Id.* For these reasons, application of the *Arnold* factors demonstrates no risk of prejudice to the Navy and, likewise, no risk of jury confusion. Severance is, therefore, inappropriate.

The Midshipmen are permissibly joined under Federal Rule of Civil Procedure 20 and the *Arnold* factors weigh against severance. Thus, the Navy has failed to rebut the presumption against severance. The Court declines to exercise its broad discretion to sever the Midshipmen's claims and denies the Navy's motion to sever.

**II.     The Motion to Dismiss or Transfer for Improper Venue is Denied as Moot.**

The Navy Argues that the claims of Scoggin and Jensen, two of the former plaintiffs, should be dismissed or transferred to a proper venue. ECF No. 23-1 at 13. Because Scoggin and Jensen are no longer parties to this case, ECF No. 29, the Court denies the Navy's motion as moot.

### III. The Motion to Dismiss or Motion for Summary Judgment is Granted in Part and Denied in Part.

The Navy contends (1) that the Midshipmen's Privacy Act claims should be dismissed or that the Court should grant summary judgment on such claims because the Midshipmen have failed to exhaust their administrative remedies; and (2) that the Midshipmen's APA, Mandamus, All Writs Act, and DJA claims should be dismissed because FOIA already provides an adequate remedy.[5] ECF Nos. 23-1 at 17, 19–21. The Court addresses each argument in turn.

#### A. Administrative Exhaustion Under the Privacy Act

The Navy argues that the Midshipmen's Privacy Act claim should be dismissed or that it is entitled to summary judgment because the Midshipmen did not appeal the denial of their records requests under the Privacy Act and that, therefore, they failed to exhaust their administrative remedies. ECF No. 23-1 at 17. Because the Navy attached an affidavit to support its motion with respect to the Privacy Act claim, the Court reviews the motion as one for summary judgment. Fed. R. Civ. P. 12(d) (converting motion to dismiss if "matters outside the pleadings are presented to and not excluded by the court.").

A movant is entitled to summary judgment on a claim if "[1] there is no genuine dispute as to any material fact and [2] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Regarding the first element, there is no dispute that the Midshipmen did not note an administrative appeal under the Privacy Act. The Navy has attached a declaration from Greggary Lines, an attorney with the Navy, attesting that none of the Midshipmen have noted an appeal,

---

[5] In its opening brief, the Navy also argued that, to the extent the Midshipmen's FOIA and Privacy Act claims are based on the Navy's failure to respond to their records requests, their claims are moot because the Navy has responded. ECF No. 23-1 at 16. The Midshipmen clarified that they now solely argue that the Navy has inadequately responded to their records requests. ECF No. 32-1 at 9. Based on this concession, the Navy withdrew their mootness argument in their reply and the Court need not address it. ECF No. 35 at 4.

ECF No. 23-4 at 4, and the Midshipmen themselves concede that they have not done so. ECF. No. 32-1 at 11. Thus, the only issue remaining is whether the Navy is entitled to summary judgment as a matter of law based on the Midshipmen's failure to appeal under the Privacy Act.

"The doctrine of exhaustion of administrative remedies …. [p]rovides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted). There are two ways in which a party might, depending on the applicable statute, exhaust administrative remedies: through actual exhaustion or through constructive exhaustion. *See Nat'l Sec. Couns. v. C.I.A.*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013) (describing actual and constructive exhaustion under FOIA).

A party actually exhausts their administrative remedies when they and the agency follow the prescribed agency review processes such that the party may petition a federal court to review the agency's decision. *See id.* Under both FOIA and the Privacy Act, a party may seek judicial review after actually exhausting their administrative remedies. *Lewis v. Dep't of the Treasury*, Civil Action No. TDC-20-0494, 2021 WL 4290635, at *5–6 (D. Md. Sept. 21, 2021) (describing actual exhaustion under FOIA and Privacy Act).

By contrast, a party constructively exhausts their administrative remedies when they follow the prescribed administrative review processes but the agency fails to timely review and respond to the party. *See Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (describing constructive exhaustion under FOIA). Under this doctrine, the party may then file suit in federal court prior to the agency finishing its review. *Id.* While a party may constructively exhaust their administrative remedies under FOIA, they cannot do so under the Privacy Act. *Pollack v. Dep't of Justice*, 49 F.3d 115, 116 n.1 (4th Cir. 1995) (determining that party's Privacy

9

Act claim was not before district court because "the Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision"); *Dickson v. Off. of Pers. Mgmt.*, 828 F.2d 32, 40 (D.C. Cir. 1987) (holding the Privacy Act "provides no exemption from administrative review when an agency fails, even by several months, to abide by a deadline. . ."); *Sussman v. U.S. Dep't of Just.*, Civil Action No. 03 CIV.3618 DRH ETB, 2006 WL 2850608, at *5 (E.D.N.Y. Sept. 30, 2006) (collecting cases). Thus, to determine if the Midshipmen may pursue their Privacy Act claim, the Court must decide whether they have actually exhausted their administrative remedies under the applicable Department of Defense ("DoD") regulations prior to filing suit.

A party seeking access to records under the Privacy Act from a DoD component, such as the Navy, may submit a request to "the DoD component that maintains the record." 32 C.F.R. § 310.3(a). The DoD component then grants or denies, in whole or in part, the request and must notify the party of its decision within twenty days after receiving the request. 32 C.F.R. § 310.5(d)-(e); DoD 5400.11-R.C3.1.10 (see https://www.esd.whs.mil/portals/54/documents/dd/issuances/dodm/540011r.pdf). A dissatisfied party can appeal the decision to an appellate authority within the DoD. 32 C.F.R. § 310.6(a). Only after a party appeals the denial of their request may they seek judicial review in federal court. 32 C.F.R. 310.6(c).

Here, the Midshipmen failed to actually exhaust their administrative remedies under the Privacy Act. The Midshipmen requested access to their records under the Privacy Act in the spring and summer of 2024, ECF Nos. 17-14, -19, -21, -23, and subsequently filed suit in federal court in September 2024 before the Navy had responded to the requests. ECF No. 1. The Midshipmen have not appealed the denial of the records requests that they now challenge in their

Amended Complaint. ECF No. 23-4 at 4. Accordingly, the Midshipmen have not actually exhausted their administrative remedies, and their Privacy Act claims fail as a matter of law.

      The Midshipmen counter that (1) they had the right to file suit prior to receiving a response to their records requests because the Navy failed to timely respond; and (2) they were not required to file an administrative appeal once they did receive a response because, under DoD regulations, "an appeal ordinarily will not be acted on if the request becomes a matter of litigation." 32 C.F.R. § 310.6(d). These arguments are unpersuasive. First, the Midshipmen cite no authority to support that they could file suit prior to the Navy's response, nor could they; courts have been clear that a party cannot seek judicial review under the Privacy Act until they have actually exhausted their administrative remedies, and this is true even when an agency fails "by several months, to abide by a deadline . . ." *Dickson*, 828 F.2d at 40. Second, the Midshipmen misconstrue the regulation they cite. That regulation instructs an administrative appellate authority to stay review of an administrative appeal if the appellant seeks judicial review *after they have filed their administrative appeal. See* 32 C.F.R. § 310.6(c)-(d). It does not, as the Midshipmen allege, excuse them from filing an administrative appeal just because they prematurely filed suit in federal court. Accordingly, the Court rejects the Midshipmen's arguments.

      For the reasons stated above, the Navy is entitled to judgment as a matter of law, and the Court grants the Navy's motion for summary judgment as to the Midshipmen's Privacy Act claims.[6]

---

[6] The Navy also argues that the Midshipmen are not entitled to monetary damages under the Privacy Act. ECF No. 23-1 at 22. Because the Navy is entitled to summary judgment on this claim, however, the Court need not address the merits of this argument.

      **B.**     **Adequate Remedies Under the APA, Mandamus, the All Writs Act, and the DJA**

The Navy contends that the Midshipmen's claims under the APA, Mandamus, All Writs Act, and DJA should be dismissed. ECF No. 23-1 at 19–22. In particular, the Navy argues that, as a matter of law, these four claims can only be asserted if the plaintiff has no other legal remedy to address the grievances they seek to rectify. ECF No. 23-1 at 19–21. The Navy concludes that because FOIA provides a statutory remedy to address the Midshipmen's records requests, these four claims must be dismissed. ECF No. 23-1 at 19-21. The Midshipmen, for their part, have abandoned these claims. ECF No. 32-1 at 14–15. Accordingly, the Court grants dismissal of all four claims.

The Midshipmen admit that if FOIA provides an adequate remedy, "the ancillary statute claims can be abandoned." ECF No. 32-1 at 14. While FOIA may not have provided a remedy at the beginning of this suit, it certainly does now. At the beginning of this lawsuit, the sole reason the Midshipmen asserted their APA, Mandamus, All Writs Act, and DJA claims was because they contended that FOIA does not provide a remedy when an agency fails to respond. ECF No. 32-1 at 13. The facts have changed since then, however. The Navy has now responded to and partially denied the Midshipmen's FOIA requests, and the Midshipmen agree that FOIA *does* provide a remedy in this situation. *See* ECF No. 17 at 2; ECF No. 32-1 at 13–14. The Midshipmen can—and currently are—challenging those denials under FOIA, and thus, by their own admission, they have abandoned, and no longer have a legal right to assert, their claims under the APA, Mandamus, All Writs Act, and DJA. The Court therefore grants the motion to dismiss as to these four claims on that basis.

The Navy is entitled to summary judgment on the Midshipmen's Privacy Act claim, and the Midshipmen's APA, Mandamus, All Writs Act, and DJA claims are dismissed.

## CONCLUSION

For the foregoing reasons, the Navy's motion to sever is DENIED. The Navy's motion to dismiss or transfer the claims of Scoggin and Jensen for improper venue is DENIED AS MOOT. The Navy's motion to dismiss or for summary judgment is GRANTED IN PART AND DENIED IN PART. The only live claims following this opinion and separate order are the Midshipmen's FOIA claims.

A separate order follows.

DATED this 23rd day of October, 2025

BY THE COURT

_____
Chelsea J. Crawford
United States Magistrate Judge